UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MALIBU MEDIA, LLC, <br><br> Plaintiff, <br> v. <br><br> JOHN DOE, subscriber assigned IP address 24.34.224.207, <br><br> Defendant. | Civil Action No. <br> 3: 18 - CV - 1035 (CSH) <br><br><br> AUGUST 1, 2022 |

**ORDER APPROVING AND ADOPTING RECOMMENDED RULING [Doc. 41]**

**HAIGHT, Senior District Judge:**

**I. INTRODUCTION**

In this copyright infringement case, Plaintiff Malibu Media, LLC alleges that Defendant John Doe has downloaded and distributed adult films in violation of its copyright. Throughout the action, Doe has failed to appear – "to plead or otherwise defend," – which resulted in the Court's entry of default against him pursuant to Federal Rule 55(a) of Civil Procedure. Doc. 33. Thereafter, pursuant to Rule 55(b), Fed. R. Civ. P., Plaintiff filed a sealed motion for default judgment [Doc. 36], which was unopposed. Upon referral of the motion, Magistrate Judge S. Dave Vatti issued a recommended ruling denying the requested default judgment without prejudice. Doc. 41. For the reasons set forth below, the Court herein APPROVES and ADOPTS the "Recommended Ruling" [Doc. 41].

**II. DISCUSSION**

In his "Recommended Ruling," Magistrate Judge Vatti has examined the factual allegations

1

in the Amended Complaint [Doc. 19] with respect to whether default judgment should enter against Defendant Doe.  As noted in his careful and thorough "Recommended Ruling," entry of default judgment is a matter entrusted to the "sound judicial discretion" of the court.  Doc. 41, at 3 (collecting cases).  Moreover, there are various factors the court generally considers when "in civil cases, . . a party fails to respond, after notice," such that the court is "ordinarily justified in entering a judgment against the defaulting part." *Id.* (quoting *Cablevison of S. Conn., Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 282 (D. Conn. 2001)).[1]

Concurring with the conclusions in the "Recommended Ruling," the Court finds that "even accepting the allegations as admitted, they do not establish the defendant subscriber's liability as a matter of law." Doc. 41, at 6. Granted, Plaintiff "has established that *someone* who accessed the internet through the defendant subscriber's IP address infringed on Malibu Media's copyright." *Id.* at 5 (emphasis in original).  However, "there is insufficient factual content in the Amended Complaint to establish that the defendant subscriber . . . was the same individual who actually carried out the complained of acts." *Id.*  Specifically, beyond alleging that Doe is the subscriber of the ISP account associated with the IP address used for infringing activity, Malibu Media fails to allege additional facts to show that Doe was the *only* person who could be responsible for that activity.

As Judge Meyer of this District noted in a similar case, "Malibu Media does not allege any

---

[1] As stated in *Cablevision*, when determining whether to enter default judgment, "the court is free to consider [such] factors" as: "(1) the amount of money involved; (2) whether issues of fact or of substantial public importance are at stake; (3) whether the default is largely technical; (4) whether the plaintiff has been substantially prejudiced by the delay involved; (5) whether the grounds for default are clearly established or are in doubt; (6) whether the default was caused by a good-faith mistake or excusable neglect; (7) how harsh an effect a default judgment might have; and (8) whether the court thinks it later would be obligated to set aside the default on defendant's motion." *Cablevision*,141 F. Supp. 2d at 281–82 (quoting 10 Moore's Federal Practice § 55.20 [2][b] (3d ed.1999)  and collecting cases).

facts about whether the physical address corresponds to a single-family home or a multi-unit apartment building[;] [n]or does Malibu Media allege any facts about the number of persons who reside at the physical address that corresponds to the ISP subscriber account and IP address[,] . . . [or] the network configuration at the physical address" (*i.e.*, wireless internet or ethernet, secured or unsecured). *Malibu Media, LLC v. Doe*, No. 3:18-CV-01369 (JAM), 2020 WL 4719219, at *4 (D. Conn. Aug. 13, 2020) (Meyer, *J.*). Similarly, Judges in other Districts have declined to hold that the "mere fact that a person pays for an IP address is enough to state a claim against that person for any and all infringing activity associated with that IP address." *Malibu Media, LLC v. Duncan*, No. 4:19-CV-02314, 2020 WL 567105, at *4, 5-6 (S.D. Tex. Feb. 4, 2020) (dismissing amended complaint and collecting cases). *See also Malibu Media v. Park*, No. CV17-12107 (JMV) (MF), 2019 WL 2960146, at *6 (D.N.J. July 9, 2019) (denying motion for default judgment because "Plaintiff will have to show something more than merely tying Defendant to an IP address in order to sufficiently establish copyright infringement"); *Malibu Media, LLC v. Doe*, No. 18 C 450, 2018 WL 6446404, at *3 (N.D. Ill. Dec. 10, 2018) (granting motion to dismiss by "Doe" subscriber to ISP account associated with IP address used for infringing activity absent additional details tying Doe to the alleged infringement.).

Furthermore, in the case at bar, denial of default judgment is supported by two *Cablevision* factors: implicating a matter of "substantial public importance" and imposing a "harsh" result.[2] Doc. 41, at 6-7 (discussing *Cablevision*,141 F. Supp. 2d at 281–82). As to the former factor of public importance, there is concern about potential disservice to justice in the flood of federal copyright infringement litigation brought by purveyors of pornographic films. Plaintiff Malibu

---

[2] *See Cablevision* factors (2) and (7) in n. 1, *supra*.

Media has brought thousands of federal actions alleging copyright infringement against anonymous defendants by use of a computer protocol, BitTorrent. Doc. 41, at 6-7 (citing cases).[3] As a result, "Courts have questioned for years whether Malibu Media's primary business is content production or copyright litigation." *Id.* at 6.

In addition, in the present situation, the harshness of default judgment militates against its entry. As I noted in a previous Ruling in this action, granting conditional discovery, there remains a genuine risk that "an innocent defendant" accused of unlawfully downloading adult films could be coerced into "an unjust settlement" simply to avoid public embarrassment. *Id.* at 7 (citing Doc. 9).[4] In particular, with respect to default judgment, "fears [of embarrassment] could deter a misidentified defendant from appearing in a case to dispute the allegations." *Id.* Given the harsh nature of default judgment, a plaintiff alleging such copyright infringement must present sufficient facts to prove that the subscriber is indeed the infringer.

### III. CONCLUSION

For the foregoing reasons, the Court hereby APPROVES AND ADOPTS Magistrate Judge Vatti's "Recommended Ruling" [Doc. 41] in its entirety. Plaintiff's "Sealed Motion for Default

---

[3] For example, as noted by Magistrate Judge Vatti, in discussing the torrent of adult film copyright infringement litigation, one district judge in the District of Washington, D.C., stated that Malibu Media filed 7,183 cases nationwide from 2012 to 2018. Doc. 41, at 6-7 (citing *Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d 160, 163 (D.D.C. 2018) (Lamberth, *J.*)).

[4] *See Malibu Media, LLC v. Doe*, No. 3:18-CV-1035 (CSH), 2018 WL 3302595, at *5 (D. Conn. July 5, 2018) ("[T]here is a risk not only of public embarrassment for the misidentified defendant, but also that the innocent defendant may be coerced into an unjust settlement with the plaintiff to prevent the dissemination of publicity surrounding unfounded allegations.") (quoting *Malibu Media, LLC v. Doe*, No. 15-CV-4369(AKH), 2015 WL 4092417, at *2 (S.D.N.Y. July 6, 2015)).

Judgment" [Doc. 36] is DENIED without prejudice. Plaintiff may renew the motion only if it proffers additional evidence – beyond an IP address ascribed to Defendant – to establish that this Defendant actually engaged in copyright infringement. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A] district court has discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts . . . ."); *see also*, *e.g.*, *Malibu Media, LLC v. Mantilla*, No. 3:18CV01369 (JAM), 2020 WL 6866678, at *4 (D. Conn. Nov. 20, 2020) (granting motion for default judgment only after Malibu Media submitted supplemental evidence that the subscriber was the infringer, including that the subscriber lived alone and that his occupation and interests strongly corresponded to activity at the IP address).[5]

    The foregoing is SO ORDERED.

    Signed: New Haven, Connecticut
          August 1, 2022

                                            */s/Charles S. Haight, Jr.*
                                            CHARLES S. HAIGHT, JR.
                                            Senior United States District Judge

---

[5] The Court further notes that Malibu Media has failed to file any objection to the "Recommended Ruling," and the requisite period to do so has elapsed. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) ("A party must serve and file any objections to a magistrate judge's proposed findings and recommendations within [fourteen] days after being served with the report. 28 U.S.C. § 636(b)(1) . . . [F]ailure to object timely to a report waives any further judicial review of the report."). *See also* Fed. R. Civ. P. 72(b)(2), D. Conn. L. Civ. R. 72.2(a) (re: Magistrate Judges).